UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Faribault Apartments Limited Partnership,

Plaintiff,

v.

John Olson; John Doe; and Jane Doe,

Defendants.

File No. 26-cv-4591 (ECT/ECW)

**OPINION AND ORDER**

---

This action is before the Court on Defendant John Olson's Notice of Removal ("Notice") [ECF No. 1] and Application to Proceed In Forma Pauperis ("IFP Application") [ECF No. 2]. For the following reasons, the Court remands this action to Minnesota state court and denies the IFP Application as moot.

Plaintiff Faribault Apartments Limited Partnership ("Faribault"), which alleges that it is Olson's landlord, sued him in Minnesota state court on September 10, 2026. *See* ECF No. 1-1 at 10–13. The state-court complaint alleged that Olson had materially violated the lease (mainly by keeping excess vehicles and other property in the parking lot) and "held over" after his tenancy was terminated (effective August 31, 2026). *See id.* at 11–12; *see also, e.g.*, Minn. Stat. § 504B.285, subdiv. 1(a)(2)–(3).

The state-court complaint states (on information and belief) that a subsidy program affects the tenancy (specifically, the Department of Agriculture's Section 515 Rural Rental Housing Program), attaches Olson's lease, and identifies the lease clause (Section IV(1)) granting the right to evict. *See, e.g.*, ECF No. 1-1 at 11–12, 30–39; Minn. Stat. § 504B.321,

subdiv. 3(1), (3), (6). That lease clause allows termination only for material noncompliance or other good cause, after written notice and an opportunity to correct, and only in accordance with 7 C.F.R. § 3560.159, state and local law, and the lease's terms. *See* ECF No. 1-1 at 34–35.

In the state-court action, Olson has sought dismissal and expungement under Minn. Stat. § 504B.321, subdiv. 5, arguing (as relevant here) that the notices he received from Faribault did not comply with § 3560.159 and that his lease termination implicates the Fair Housing Act's reasonable-accommodation and antiretaliation provisions. *See* ECF No. 1-1 at 99–111. A court trial is currently set for November 3, 2026. *See* Register of Actions, *Faribault Apartments Ltd. P'ship v. Olson*, No. 66-CV-26-2289 (Minn. Dist. Ct.) ("State-Court Docket"); *cf. Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (noting that courts may take judicial notice of public court records (citing *United States v. Eagleboy*, 200 F.3d 1137, 1140 (8th Cir. 1999))).

On October 23, 2026, Olson filed the Notice of Removal in this Court, invoking 28 U.S.C. §§ 1331, 1367, 1441(a), and 1446. *See* ECF No. 1 at 1, 3. He argues that addressing Faribault's right to possession "requires adjudication of whether the federal pretermination standard incorporated into" the lease was satisfied. *Id.* at 2. He asserts this issue is "embedded in [Faribault's] own case" rather than a defense. *Id.* He specifically disclaims reliance on "state-court bias, misconduct, or collusion as the jurisdictional predicate." *See id.* at 3. On October 26, 2026, Olson filed the notice of removal in state court. *See* Notice of Removal to Federal Court, *Faribault Apartments Ltd. P'ship v. Olson*, No. 66-CV-26-2289 (Minn. Dist. Ct. Oct. 26, 2026).

A party seeking removal under 28 U.S.C. § 1441(a) "bears the burden of establishing federal jurisdiction," and "[a]ll doubts about federal jurisdiction should be resolved in favor of remand to state court." *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010); *see also, e.g.*, *NeuroColor, LLC v. Tierney*, No. 25-cv-2089 (PJS/JFD), 2026 WL 821114, at *3 (D. Minn. Mar. 25, 2026) (making same points). Because Olson represents himself, his notice is "to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

The Notice does not rely on diversity jurisdiction or, given Olson's disclaimer, on 28 U.S.C. § 1443. Instead, Olson relies on § 1331 alone (i.e., federal-question jurisdiction) as the basis for original jurisdiction. Under the well-pleaded complaint rule, federal-question jurisdiction generally exists only where a federal question appears "on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see also, e.g.*, *Cagle v. NHC Healthcare-Maryland Heights, LLC*, 78 F.4th 1061, 1066 (8th Cir. 2023) (quoting *Caterpillar Inc.*, 482 U.S. at 392). Furthermore, a case may not be removed based on a federal defense, "even if the defense is anticipated in the plaintiff's complaint." *Caterpillar Inc.*, 482 U.S. at 392–93 (citing *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 12 (1983)); *see also, e.g.*, *Hicks v. New Millennium Bldg. Sys., LLC*, No. 24-cv-164 (ECT/ECW), 2024 WL 4234995, at *5 (D. Minn. Sept. 17, 2024) (quoting *Franchise Tax Bd.*, 463 U.S. at 14).

Faribault's claims arise under Minnesota law; its complaint pleads no federal cause of action. Olson's ability to remove thus rests (as he recognizes) on the narrow exception in *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S.

308 (2005). *See* ECF No. 1 at 2 (citing *Grable*, 545 U.S. at 314). Under this exception, "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013) (citing *Grable*, 545 U.S. at 313–14); *see also, e.g.*, *Corey-Gruenes v. County of Freeborn*, No. 26-cv-0468 (LMP/DTS), 2026 WL 1453449, at *4 (D. Minn. May 22, 2026) (citing *Gunn*-reliant caselaw).

The Court doubts that Faribault's state-court complaint necessarily raises a federal issue. It refers to federal law only because § 504B.321 required the subsidy disclosure and required Faribault to attach the lease. Whether Faribault satisfied § 3560.159 is a point that Olson raises as a defense. *See* ECF No. 1-1 at 105–06. But the Court need not decide the point; even if Olson's argument meets *Gunn*'s first two requirements, it does not meet the last two. *See Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn. LLC*, 843 F.3d 325, 332–34 (8th Cir. 2016) (taking same approach).

To start, the federal issue here is not substantial. Substantiality turns on "the importance of the issue to the federal system as a whole." *Gunn*, 568 U.S. at 260; *see also, e.g.*, *Hicks*, 2024 WL 4234995, at *3 (citing *Gunn*, 568 U.S. at 260). The Supreme Court has explained that in *Grable*, for instance, the relevant federal question was "a nearly pure issue of law" that would "govern numerous [other] cases." *Empire HealthChoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 700–01 (2006) (citation modified). A dispute that is "fact-bound and situation-specific" is different. *See id.*; *see also, e.g.*, *Edwards v. Sun Country, Inc.*, No. 25-cv-2624 (PJS/SGE), 2025 WL 2645724, at *1 (D. Minn. Sept. 15,

2025) (citing *Empire HealthChoice*, 547 U.S. at 700–01). Olson's dispute (i.e., whether Faribault's notices and documentation satisfied § 3560.159 with respect to Olson's lease) is plainly fact-bound and situation-specific. Applying § 3560.159 to one lease would not settle its meaning for other cases, and no federal agency is a party here.

Furthermore, allowing federal jurisdiction here would disrupt the "federal-state balance approved by Congress." *Gunn*, 568 U.S. at 258. Under Minnesota law, every eviction complaint concerning a subsidized tenancy must disclose that fact, *see* Minn. Stat. § 504B.321, subdiv. 3(6), and the attached lease will often include federal termination rules. If that were enough to generate federal-question jurisdiction, all such evictions would be removable as a matter of course, producing just the "horde of original filings and removal cases" that the Supreme Court warned about in *Grable*. 545 U.S. at 318. Also, eviction actions are a traditional state-law domain, and "the interpretation of a contract is ordinarily a matter of state law to which [federal courts] defer." *Great Lakes*, 843 F.3d at 334 (citation modified).

Olson's arguments under the Fair Housing Act, *see* ECF No. 1-1 at 106 (referring to 42 U.S.C. §§ 3604(f)(3)(B), 3617) fare no better. These are defenses or potential counterclaims, and neither supports removal. *See, e.g.*, *Caterpillar*, 482 U.S. at 393; *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (stating that federal jurisdiction cannot "rest upon an actual or anticipated counterclaim"). Nor does § 1367 help; supplemental jurisdiction requires a claim within the Court's original jurisdiction, and none exists here. *See* 28 U.S.C. § 1367(a).

Because the Court lacks jurisdiction, the case "shall be remanded." 28 U.S.C. § 1447(c). Given this determination, the Court denies the IFP Application as moot.

**ORDER**

Therefore, based on the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. This action is **REMANDED** to the Rice County District Court (No. 66-CV-26-2289) under 28 U.S.C. § 1447(c) for lack of subject-matter jurisdiction.

2. Defendant John Arthur Olson's Application to Proceed In Forma Pauperis [ECF No. 2] is **DENIED** as moot.

3. The Clerk of Court shall mail a certified copy of this Order to the Rice County District Court Administrator.

Dated: October 29, 2026

s/ Eric C. Tostrud
Eric C. Tostrud
Chief Judge, United States District Court